# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORDEN CO. (PTE) LTD., a Singapore company, ANHING CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GRANDWAY ENTERPRISES, INC., a Nevada corporation; HING YIP INTERNATIONAL TRADING CO., a Chinese company; and DOES 1-10,<br><br>Defendants. | Case No. CV14-02858 JAK(MANx)<br><br>**ORDER AND JUDGMENT AGAINST DEFENDANT GRANDWAY ENTERPRISES, INC.**<br><br>JS-6: Grandway Enterprises, Inc. Only<br><br>Judge:   Hon. John A. Kronstadt |

1

The Court, having reviewed Plaintiffs Borden Co. PTE Ltd. ("Borden") and Anhing Corporation's ("Anhing") (collectively, "Plaintiffs") Motion for Default Judgment Against Defendant Grandway Enterprises, Inc. ("Grandway") (the "Motion"), and finding good cause therein, hereby **ORDERS** that Plaintiffs' Motion is **GRANTED** as follows:

1. The Court finds that Grandway has willfully infringed Plaintiffs' trademark rights, by engaging in counterfeiting of the Borden Marks (as that term is defined in the Motion, and which are shown in Schedule A hereto and incorporated herein by reference), making this an exceptional case under the Lanham Act.

2. The Court further finds that Plaintiffs have established that the Borden Marks are famous within the meaning of the Lanham Act and thus sufficiently form the basis of Plaintiffs' trademark dilution claims.

3. Plaintiffs are awarded damages against Grandway in the form of statutory damages pursuant to 15 U.S.C. § 1117(c)(2), in the amount of $600,000.

4. Plaintiff is also awarded its reasonable attorney fees in the amount of $31,878.86, pursuant to 15 U.S.C. § 1117(a).

5. Plaintiffs are awarded post-judgment interest as of the date of this judgment on the aggregate sum of statutory damages and attorney fees awarded above, pursuant to 28 U.S.C. § 1961(a), at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of this judgment.

6. Both the statutory damages and attorney fees awarded above, including any applicable interest, shall be paid by delivering a cashier's check to Plaintiffs' counsel payable to Ezra Brutzkus Gubner LLP Client Trust Account for that amount within ten (10) calendar days of the date of this Order.

7. Grandway, as well as its officers, representatives, agents, employees, affiliates or other related persons shall not use in any manner any of the Borden Marks in connection with the sale or advertising of products not authorized by Plaintiffs. Grandway, as well as its officers, representatives, agents, employees, affiliates or other related persons shall not pass off any product not produced and approved by Plaintiffs as one that was produced by Plaintiffs.  Grandway, as well as its officers, representatives, agents, employees, affiliates or other related persons shall not receive, ship, deliver, distribute, return or otherwise dispose of products or inventory which bears any of the Borden Marks if they were not manufactured by or for Plaintiffs.

8. Grandway, as well as its officers, representatives, agents, employees, affiliates or other related persons are hereby enjoined from using Plaintiffs' trade dress on any product, or in any way, shape or form; and

9. Grandway, as well as its officers, representatives, agents, employees, affiliates or other related persons shall, upon service of the Judgment, immediately supply Plaintiffs with a complete list of entities and/or individuals from whom they purchased and to whom they distributed and/or sold or re-sold products not authorized by Plaintiffs to be sold or re-sold in connection with each of the Borden Marks.

10. Grandway, as well as its officers, representatives, agents, employees, affiliates or other related persons shall, within 30 days after service of Judgment, file with the Court and serve on Plaintiffs a written report under oath setting forth in detail the manner in which they have complied with the injunction.

11. U.S. Customs and Border Protection shall seize and destroy all goods imported into the United States by Grandway that violate the above terms.

12. U.S. Customs officials shall promptly provide copies to Plaintiffs' counsel of all documents in U.S. Customs' possession, custody or control pertaining to all past and future seizures of Grandway's goods, including but not limited to (a) the bills of lading and (b) all internal and external communications regarding same. Such materials shall be mailed promptly to Plaintiffs' counsel Jeffrey A. Kobulnick, Ezra Brutzkus Gubner LLP 21650 Oxnard Street, Suite 500 Woodland Hills, CA 91367.

**IT IS SO ORDERED.**

Dated: January 13, 2015

By: _____
Judge John A. Kronstadt
U.S. District Court, Central District of California

# SCHEDULE A

## (BORDEN MARKS)

| | TRADEMARK (AND DESCRIPTION) | REG. NO./REG. DATE |
|---|---|---|
| 1. | (EAGLE & Design) | 1,641,011<br><br>April 16, 1991 |
| 2. | (EAGLE BRAND & Design) | 1,650,544<br><br>July 16, 1991 |
| 3. | (EAGLE BRAND & Design) | 1,555,433<br><br>September 12, 1989 |
| 4. | (EAGLE BRAND MEDICATED OIL REFRESHING FRAGRANCE EXTERNAL USE FOR ALL ACHES Design) | 2,911,916<br><br>December 21, 2004 |
| 5. | (SIDE PANEL DESIGN EAGLE BRAND MEDICATED OIL FOR USE AS AN EXTERNAL ANALGESIC) | 2,465,587<br><br>July 3, 2001 |

5

| TRADEMARK (AND DESCRIPTION) | REG. NO./REG. DATE |
|---|---|
| 6. (PATTERN DESIGN FOR MEDICATED OIL FOR USE AS AN EXTERNAL ANALGESIC) | 2,467,613<br><br>July 10, 2001 |
| 7. (IMAGE OF PRODUCT PACKAGING EAGLE BRAND MEDICATED OIL FOR USE IN RELIEF OF BODILY ACHES AND PAINS) | 1,262,191<br><br>December 27, 1983 |
| 8. 鷹 (EAGLE BRAND CHINESE CHARACTERS MEDICATED OIL FOR USE AS AN EXTERNAL ANALGESIC) | 2,467,692<br><br>July 10, 2001 |